**SULAIMAN LAW GROUP, LTD**
Alexander J. Taylor (State Bar No. 332334)
2500 S. Highland Ave, Suite 200
Lombard, Illinois 60148
Telephone: 630-575-8181
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ANDRES HERNANDEZ and JESSIE GALARZA,<br><br>Plaintiffs,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 2:21-cv-00854<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.;***<br><br>**2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***<br><br>**3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

  **NOW COMES** Armando Andres Hernandez ("Armando") and Jessie Galarza ("Jessie" and collectively "Plaintiffs"), by and through the undersigned attorney, complaining of Midland Credit Management, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

  1.  Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer

Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Rosenthal Fair Debt

Collection Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

2.      Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA and

28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental

jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiffs reside in

the Central District of California, the majority of events or omissions giving rise to this cause of

action occurred in the Central District of California, and Defendant conducts business and

maintains significant business contacts in the Central District of California.

### PARTIES

4.      Plaintiffs are natural persons over 18-years-of-age.

5.      Defendant is a debt collection agency organized under the laws of the state of

Kansas with its principal place of business located at 350 Camino de la Reina, Suite 300, San

Diego, California 92108. Defendant acted through its agents, employees, officers, members,

directors, vendors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

6.      Prior to the events giving rise to this cause of action, Jessie incurred a consumer

debt ("subject debt").

7.      Subsequently, Jessie defaulted on the subject debt.

8.      Consequently, Defendant acquired the right to collect on the subject debt after

Jessie was in default.

9.      Around September 2020, Plaintiffs started to receive collection phone calls from

Defendant to their cellular phone numbers, attempting to collect the subject debt.

2

10.    At all times relevant, Plaintiffs were the sole subscriber, owner, possessor, and operator of their cellular telephone numbers. Plaintiffs are and have always been financially responsible for this telephone and its services.

11.    Soon after the calls began, Jessie answered a call from Defendant and attempted to work out a payment arrangement. After she unsuccessfully tried to settle the debt, Jessie told Defendant to cease calling her cellular phone.

12.    Failing to acquiesce to Jessie's demand to cease calling, Defendant continued to call Jessie's cellular phone, with multiple calls taking place in one day and calls taking place on back-to-back days.

13.    Moreover, around November 2020, Armando answered a call from Defendant and requested they stop calling his cellular phone.

14.    Furthermore, around January 5, 2021, Defendant placed a call to Armando's cellular phone. During this call, Defendant's representative asked for Jessie and stated it was regarding a personal business matter. Armando requested that Defendant cease calling his cellular phone.

15.    Despite Armando's request, Defendant continues to call his cellular phone, as early as 6:30am. Defendant called Armando twice on January 8, 2020.

16.    Defendant has also placed multiple calls to Plaintiffs' cellular phones using Caller ID spoofing, which deliberately falsifies the information transmitted to Plaintiffs' Caller IDs display to disguise the identity of the caller.[1]

17.    Upon information and belief, Defendant spoofed its caller ID in order to trick

---

[1]In order to curtail caller ID spoofing, Congress enacted the Truth in Caller ID Act of 2009. Under the act, it is illegal "to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value...." Forfeiture penalties or criminal fines of up to $10,000 per violation (not to exceed $1,000,000) could be imposed.

Plaintiffs into answering its calls and willfully attempt to collect the subject debt from Plaintiffs.

18.     In the calls that Plaintiffs did answer, Plaintiffs were greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiffs to a live agent.

19.     Specifically, there would be an approximate 3 second pause between the time Plaintiffs said "hello," and the time that a live agent introduced them self as a representative of Defendant.

20.     Moreover, Plaintiffs hear what sounds to be call center noise in the background of each of Defendant's calls.

21.     Upon information and belief, Defendant placed its calls to Plaintiffs' cellular telephones using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts owed to others.

22.     Defendant intentionally harassed and abused Plaintiffs on numerous occasions by calling with such frequency as can be reasonably expected to harass.

23.     Plaintiffs suffered real and concrete harm because Defendant communicated with them in a manner prohibited by the FDCPA.

### DAMAGES

24.     Defendant's wanton and malicious conduct has severely impacted Plaintiffs' daily life and general well-being.

25.     Plaintiffs have expended time and incurred costs consulting with their attorney as a result of Defendant's unfair, deceptive, and misleading actions.

26.     Plaintiffs were unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

27.     Defendant's phone harassment campaign and illegal collection activities have

caused Plaintiffs actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiffs' cellular telephones capacity, wasting Plaintiffs' time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited phone calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of their telephone equipment and telephone subscription services, the wear and tear caused to their cellular telephones, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge their cellular telephones as a result of increased usage of their telephone services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28.    Plaintiffs restate and reallege paragraphs 1 through 27 as though fully set forth herein.

29.    Plaintiffs are "consumers" as defined by FDCPA §1692a(3).

30.    Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

31.    Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

32.    The debt which Defendant is attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

33.    Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

34.    Defendant's communications to Plaintiffs were made in connection with the collection of the subject debt.

35.     Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, and e(10) through its unlawful debt collection practices.

**a.  Violations of FDCPA § 1692c**

36.     Defendant violated §1692c(a)(1) when it continuously called Plaintiffs after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiffs cellular phones over and over after they demanded that it cease contacting them was harassing and abusive. Even after being told to stop contacting them, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiffs into making a payment on the subject debt.

37.     Furthermore, the large volume of calls shows that Defendant willfully ignored Plaintiffs' pleas with the goal of annoying and harassing them into submission.

38.     Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to them.

**b.  Violations of FDCPA § 1692d**

39.     Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiffs' cellular phones seeking payment on the subject debt. Defendant routinely calls Plaintiffs multiple times in one day and on back-to-back days despite Plaintiffs' requests that the phone calls cease.

40.     Defendant violated §1692d(5) by causing Plaintiffs' cellular phones to ring repeatedly and continuously in an attempt to engage Plaintiffs in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiffs. Furthermore, Defendant continued to place these calls after Plaintiffs informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiffs' cellular telephones from September 2020 through the present day, with multiple

calls taking place in one day and calls taking place on back-to-back days.

### c.  Violations of FDCPA § 1692e

41.    Defendant violated §1692e and e(10) when it used false, deceptive, and misleading means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted Plaintiffs by way of caller ID spoofing seeking to collect upon the subject debt. Defendant deliberately employed Caller ID spoofing when calling Plaintiffs to disguise its identity attempting to willfully dragoon Plaintiffs into answering their cellular phones to make a payment. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the legal ability to contact them when it did not have prior consent to do so in the first place.

42.    Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

43.    As stated above, Plaintiffs were severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiffs, ARMANDO ANDRES HERNANDEZ and JESSIE GALARZA respectfully requests that this Honorable Court:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.  Award Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d.  Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

44.    Plaintiffs restate and reallege paragraphs 1 through 43 as though fully set forth herein.

45.    Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiffs cellular telephones using an automatic telephone dialing system ("ATDS") without their prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

7

46. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

47. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiffs answered, Defendant used an automated dialing system to place calls to Plaintiffs cellular telephones.

48. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

49. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiffs on their cellular phones.

50. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiffs did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiffs phone numbers and continued to randomly or sequentially auto-dial Plaintiffs cellular phones number without their consent.

51. There would be no reason for Defendant to continue to contact Plaintiffs, especially after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to keep Plaintiffs phone numbers stored, causing its system to randomly or sequentially dial the number dozens of times thereafter.

52. Any prior consent, if any, was revoked by Plaintiffs' verbal revocations.

53. Defendant violated the TCPA by placing numerous phone calls to Plaintiffs' cellular telephone from September 2020 through the present day, using an ATDS without their prior consent.

54.     As pled above, Plaintiffs were severely harmed by Defendant's collection calls to their cellular phone.

55.     Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

56.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiffs' expense.

57.     Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiffs on their cellular phones.

58.     The calls placed by Defendant to Plaintiffs were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

59.     Defendant, through its agents, vendors, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

60.     Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiffs for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiffs, ARMANDO ANDRES HERNANDEZ and JESSIE GALARZA, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declare Defendant's phone calls to Plaintiffs to be violations of the TCPA;

b. Award Plaintiffs damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);

c. Enjoining Defendant from further communicating with Plaintiffs; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

61.    Plaintiffs restate and reallege paragraphs 1 through 60 as though fully set forth herein.

62.    Plaintiffs are "persons" as defined by Cal. Civ. Code § 1788.2(g).

63.    The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

64.    Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a.    Violations of RFDCPA § 1788.11(e)**

65.    The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

66.    Defendant violated the RFDCPA when it continuously called Plaintiffs' telephones. This repeated behavior of systematically calling Plaintiffs' telephones was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiffs would make a payment. The frequency and volume of calls shows that Defendant willfully ignored Plaintiffs' pleas with the intent of annoying and harassing them.

**WHEREFORE**, Plaintiffs, ARMANDO ANDRES HERNANDEZ and JESSIE GALARZA, respectfully requests that this Honorable Court:

b.    Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

c.    Award Plaintiffs actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d.    Award Plaintiffs statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

e.    Award Plaintiffs costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

f.    Award any other relief as this Honorable Court deems just and proper.

1    **Plaintiff demands trial by jury.**

2    Date: January 29, 2021                          Respectfully submitted,

3                                                     By: */s/ Alexander J. Taylor*

4                                                     Alexander J. Taylor (State Bar No. 332334)
                                                      **SULAIMAN LAW GROUP, LTD**

5                                                     2500 S. Highland Ave, Suite 200
                                                      Lombard, Illinois 60148

6                                                     Telephone: 630-575-8181
                                                      Email: ataylor@sulaimanlaw.com

7                                                     *Attorney for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28